UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Francesca Viola,

Plaintiff,

v.

Joshua Benton, et al.,

Defendants.

Civil Action No. 1:21-10426-LTS

**JOINT STATEMENT PURSUANT TO L.R. 16.1(d)**

Now come the Parties, by and through counsel, and hereby submit this Joint Statement Pursuant to L.R. 16.1(d) in advance of the Initial Scheduling Conference on August 17, 2021. The Parties understand the Initial Scheduling Conference will be held remotely per order of the Court. Except where indicated below, the dates and proposals set forth herein are agreed to by the parties.

Timetable for Discovery and Motion Practice

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), the parties propose the following:

1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by September 17, 2021.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after October 15, 2021.

3. **Fact Discovery – Interim Deadlines.**

   a. All requests for production of documents and interrogatories must be served by November 30, 2021.

   b. All requests for admission must be served by March 31, 2022.

   c. All depositions, other than expert depositions, must be completed by February 28, 2022.

    d. **Final Fact Discovery Deadline**. All discovery, other than expert discovery, must be completed by April 29, 2022.

4. **Phased Discovery**

Defendants' Proposal:

Defendants propose that discovery be phased to first address the factual issue of whether the comment referred to in the complaint as the "Muslim Comment" was posted on plaintiff's "truthseeker" account.  This should require limited document discovery from the plaintiff and perhaps from Disqus, and plaintiff's deposition.  Defendants believe that this limited discovery could result in a motion dispositive of all tort claims in the case and all viable claims against Benton.  Defendants propose that the first phase of discovery be completed within 60 days from the issuance of the Initial Scheduling Order and that, thereafter, the Court schedule a status conference to determine whether Defendants intend to move for summary judgment and a schedule for doing so and, if necessary, any adjustments to the remaining discovery.

Plaintiff's Proposal:

Plaintiff is opposed to bifurcating discovery relating to solely the "Muslim Comment" as defined by Defendants' proposal.  Discovery regarding the factual issue surrounding the "Muslim Comment" is duplicative to the discovery relating to all claims and can be done in the normal course and scope of the litigation. Further, through the filing of Plaintiff's Second Amended Complaint, the tort claims are not dispositive of the entire case.  As such, bifurcating discovery on this issue will only delay this matter further, subject both parties to multiple depositions, and cause increased costs and expenses for all parties.  Plaintiff would propose handling all discovery on the schedule proposed in this Order.

4. **Status Conference.**   The parties propose that a status conference be held on May 12, 2022 and at the Court's convenience or desire.

5. **Expert Discovery.**

    a. Trial experts for the party with the burden of proof must be designated, and theinformation contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by May 31, 2022.

    b. Rebuttal trial experts must be designated, and the information contemplated byFed. R. Civ. P. 26(a)(2) must be disclosed, by July 15, 2022.

    c. All trial experts must be deposed by September 15, 2022.

6. **Dispositive Motions.**

    a. Dispositive motions, such as motions for summary judgment or partial

      summaryjudgment and motions for judgment on the pleadings, must be filed by October 14, 2022 with the opposition due thirty days thereafter. In the case of cross-motions the deadlines and page limits for the filings other than the Plaintiff's initial motion are set forth in the Session's Standing Order on Summary Judgment Motions unless specifically modified.

7. **Initial Pretrial Conference.** An initial pretrial conference will be held at the Court's convenience and desire. The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference.

Procedural Provisions

1. **Extension of Deadlines.** Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete additional discovery, join other parties, amend the pleadings, or file a motion.

2. **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed **no later than seven days after the close of fact discovery or the close of expert discovery**, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline haspassed, the Court may enter such additional orders relating to discovery as may be appropriate.

3. **Additional Conferences.** Upon request of counsel, or at the Court's own initiative,additional case-management or status conferences may be scheduled.

[Continued on Next Page]

**PRESIDENT AND FELLOWS OF HARVARD COLLEGE**

By their attorneys,

*/s/Jonathan M. Albano*

Jonathan M. Albano, BBO #013850
jonathan.albano@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
+1.617.341.7700

**JOSHUA BENTON**

By his attorneys,

*/s/Jeremy D. Mishkin*

Jeremy D. Mishkin (pro hac vice motion to be filed)
jmishkin@mmwr.com
**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**
1735 Market Street, 21st Floor
Philadelphia, PA 19103
+1-215-772-1500

**FRANCESCA VIOLA**

By her attorneys,

*/s/ Aaron M. Minc*

Aaron M. Minc, aminc@minclaw.com, *pro hac vice*
Andrew C. Stebbins, astebbins@minclaw.com, *pro hac vice*
Dorrian H. Horsey, dhorsey@minclaw.com,*pro hac vice*
**MINC LLC**
Orange Village, Ohio 44122
+1.216.373.7706

*/s/Marc J. Randazza*
Marc J. Randazza, BBO #651477
mjr@randazza.com
**RANDAZZA LEGAL GROUP, PLLC**
30 Western Avenue
Gloucester, MA 01930
+1.978.801.1776

**CERTIFICATE OF SERVICE**

I, Jonathan M. Albano, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 10, 2021.

*/s/Jonathan M. Albano*
Jonathan M. Albano

3