UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA VIOLA,<br><br>        Plaintiff<br><br>        v.<br><br>JOSHUA BENTON and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) NO. 1:21-CV-10426-LTS <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Now comes Plaintiff, Francesca Viola, by and through undersigned Counsel, and hereby moves this Court for leave to file a Third Amended Complaint in the above captioned Matter, pursuant to Fed. R. Civ. P. 15(a)(2). The reason for this request is to correct a drafting error by Plaintiff in the filing of the Second Amended Complaint and to allow for Plaintiff's new claim of Third-Party Beneficiary to be decided upon the merits. A copy of Plaintiff's proposed Third Amended Complaint is attached hereto as Exhibit 1.

### I. Procedural Background

Plaintiff initiated this action against Defendants President and Fellows of Harvard College ("Harvard") and Joshua Benton ("Benton") on March 16, 2020, alleging separate causes of action sounding both in tort and contract. Defendants Harvard and Benton moved this Court to dismiss all of Plaintiff's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). On June 28, 2021, this Court issued a ruling on Defendants' Motion to Dismiss, granting in part and denying in part. (Doc. 54).

Specifically, the Court granted Defendants' Motion in regards to Plaintiff's claims of publication of private facts, intrusion upon seclusion, false light, and breach of contract. Id. The Court denied Defendants' Motion in regard to Plaintiff's claims of libel, defamation by implication, promissory estoppel, intentional infliction of emotional distress and tortious interference. Id. As a result, Plaintiff had both contractual and tort claims survive Defendants Motion to Dismiss.

Based on further review of the agreements between Defendant Harvard and Disqus, the platform at issue in this case, Plaintiff sought leave to amend her Complaint to add a contractual claim of Third-Party Beneficiary. Plaintiff conferred with Defendants, and Defendants assented to Plaintiff's request on July 30, 2021. Plaintiff filed her Second Amended Complaint on July 30, 2021. (Doc. 60).

When drafting the Second Amended Compliant, Plaintiff made an inadvertent drafting error and failed to properly plead the full extent of the agreements between Defendant Harvard and Disqus. Specifically, Plaintiff listed the "Terms of Use" in a heading of its Second Amended Complaint, but in the discussion regarding the agreements entered into between Defendant Harvard and Disqus, Plaintiff failed to properly identify the Disqus Terms of Service which Defendant Harvard needed to accept before utilizing the Disqus platform. Additionally, Plaintiff failed to properly attach the Disqus Terms of Service to the Second Amended Complaint.

Plaintiff did not discover this drafting oversight until it was pointed out in Defendant Harvard's Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 70) Plaintiff states that this was an error in drafting of the Second Amended Complaint, and her failure to properly attach the Disqus Terms of Service as an exhibit to the Second Amended Complaint was excusable neglect.

Plaintiff conferred with counsel for Defendants Harvard and Benton seeking ascension to Plaintiff's request for leave to file a Third Amended Complaint, but an agreement was not able to be reached.  As a result, Plaintiff now seeks leave of Court, pursuant to Fed. R. Civ. P. 15(a)(2) to file a Third Amended Complaint to correct the error in drafting and properly attach all of the agreements between Defendant Harvard and Disqus.  Plaintiff does not bring this Motion for purposes of delay, or to cause undue burden upon Defendants, but rather to correct an omission from her Second Amended Complaint and to allow for Plaintiff's claim of Third-Party Beneficiary to be determined on the merits and not a technicality.

**II.        Legal Standard and Argument**

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court has the discretion to grant or deny a request for leave to file an amended pleading. See *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."); see also *Torres-Alamo v. Puerto Rico,* 502 F.3d 20, 25 (1st Cir. 2007)("where, as here, a motion to amend is entered before final entry of judgment, the district court should evaluate the motion under the 'liberal standard of Fed. R. Civ. P. 15(a)'").

The policy behind R. 15 "dictates a preference for decisions 'on the merits, not because of missteps by counsel in pleading." *Sweeny v. Keystone Provident Life Ins. Co.,* 578 F.Supp. 31, 34 (D. Mass. 1983). "In exercising the discretion to grant leave to amend, [courts] consider the totality of the circumstances and equitable considerations." *Wicks v. Putnam Inv. Mgmt., LLC,* 2006 U.S. Dist. LEXIS 1947, at *4-5 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Quaker State Oil Co. v. Garrity Oil Co.,* 884 F.2d 1510, 1517 (1st Cir. 1989)). "The limited reasons for denying a

pre-judgment motion to amend include 'undue delay, bad faith, futility and the absence of due diligence on the movant's part.'" *Torres-Alamo v. Puerto Rico,* 502 F.3d at 25 (citing *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006).

Here, allowing Plaintiffs to file the Amended Complaint would serve justice and promote judicial efficiency. Further, there is no undue delay, bad faith, or dilatory motive by Plaintiffs. As shown above, Plaintiff clearly made a clerical error in failing to properly allege the contract which formed the Third-Party Beneficiary rights to Plaintiff. Plaintiff referenced the Disqus Terms of Service in its heading, and clearly intended to incorporate the Disqus Terms of Service in its Second Amended Complaint. Plaintiffs seek to file the Third Amended Complaint within the time allowed by the Court to file amended pleadings, (Doc. 61). Plaintiff does not bring this motion to cause undue delay, as the filing of the Third Amended Complaint does not alter the schedule previously set by the parties. Finally, Plaintiff does not bring this motion with any dilatory motive or in bad faith. Plaintiff is simply acknowledging an error in drafting the Second Amended Complaint and seeking leave to correct said error and have Plaintiff's Third-Party Beneficiary claim decided on the merits.

Moreover, there will be no substantial or undue prejudice to the original Defendants. The issue of prejudice requires a court to focus on the hardship to the defendants if the amendment were permitted; specifically, the court should consider "whether allowing an amendment would result in "grave injustice to the defendants" or "an undue difficulty in prosecuting the lawsuit as a result of the change in tactics or theories." *O'Leary v. N.H. Boring, Inc.,* 323 F.R.D. 122, 128 (D. Mass. 2018) (citing *Pendley v. Komori Machinery Co.,* C.A. No. 89-0420P, 1990 U.S. Dist. LEXIS 1800, at *7-8 (D.R.I. Feb. 8, 1990)).

Plaintiff's Third Amended Complaint will not cause any substantial or undue prejudice to the Defendants.  Defendants still have the right to seek dismissal for failure to state a claim on the merits of the Third-Party Beneficiary claim under the same arguments set forth in their Motions to Dismiss.  Further, as stated above, granting Plaintiff leave will not cause any significant delay or result in any additional discovery, as Plaintiff's Third-Party Beneficiary claim is in addition to several other claims which survived Defendants' first Motion to Dismiss.

Finally, there will be no futility resulting from Plaintiffs' Amended Complaint. In the context of a motion to amend, "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996). Therefore, the court may refuse to allow an amendment that fails to state a cause of action because it would not survive a motion to dismiss. See, e.g., *Abraham v. Wood Hole Oceanographic Inst.,* 553 F.3d 114, 118 (1st Dist. 2009)("If the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend").

Here, Plaintiff's claim for Third-Party Beneficiary is not futile.  Plaintiff, in the Third Amended Complaint, will properly allege that Defendant Harvard and Disqus entered into a contract which created in Plaintiff rights as a Third-Party Beneficiary.  This possibility was noted by this Court in its ruling on Defendants' original Motion to Dismiss (Doc. 54, p. 21).  On its face, Plaintiff has the very basis to assert a claim for Third-Party Beneficiary breach of contract against Defendant Harvard and Defendant Benton for violation of the Disqus Terms of Service.

### III. Conclusion

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Third Amended Complaint. A proposed order is attached to this Motion.

Respectfully Submitted,

/s/ Andrew C. Stebbins
Aaron M. Minc (0086718)*
Andrew C. Stebbins (0086387)*
Dorrian H. Horsey (0081881)*
Minc LLC
200 Park Ave., Suite 200
Orange Village, Ohio 44122
Phone: (216) 373-7706
Email: aminc@minclaw.com
astebbins@minclaw.com
dhorsey@minclaw.com
Attorneys for Plaintiff
*Admitted *Pro hac vice*

### CERTIFICATE OF SERVICE

I, Andrew C. Stebbins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/Andrew C. Stebbins
Andrew C. Stebbins