UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA VIOLA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA BENTON and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Defendants. | Civil No. 21-10426-LTS |

ORDER ON MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT (DOC. NO. 74)

December 1, 2021

SOROKIN, J.

The Plaintiff seeks leave to file a Third Amended Complaint ("TAC"). Doc. No. 74.[1] Some procedural history bears on the motion. The Plaintiff filed this action in federal court in the Eastern District of Pennsylvania asserting various claims including breach of contract, but no third-party beneficiary claim. Doc. No. 1. The Defendants promptly moved to dismiss (Doc. No. 8) in response to which the Plaintiff filed an Amended Complaint (Doc. No. 10). The Defendants again moved to dismiss. Doc. No. 12. The Judge in the Eastern District of Pennsylvania transferred the case to this District. Doc. No. 29. Thereafter, the undersigned resolved the portions of the previously filed Motion to Dismiss that raised arguments under Federal Rule of Civil Procedure 12(b)(6). Doc. No. 54. In so doing, the Court dismissed the

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

breach of contract claim for failing to state a claim, noted that the Plaintiff omitted any reference to a third-party beneficiary claim in her Complaint, Amended Complaint, and extensive filings on the Motion to Dismiss, and declined to consider the third-party beneficiary theory first raised at the hearing on the Motion.  Doc. No. 54 at 21-22.

Thereafter, the Plaintiff filed a Second Amended Complaint asserting a third-party beneficiary claim arising from an unspecified contract between Nieman Labs and Disqus resulting in Nieman Labs being "bound by" the Basic Rules for Disqus-Powered Sites ("BRDPS").  Doc. No. 60 ¶ 104.  The Defendants again moved to dismiss under Rule 12(b)(6), this time taking aim only at the third-party beneficiary claim and arguing, inter alia, that the BRDPS is not an enforceable contract.  Doc. No. 71 at 7-13.  About three weeks later, the Plaintiff filed the pending Motion for Leave to File the TAC.  Doc. No. 74.  This proposed complaint also asserts a third-party beneficiary claim, but newly contends that Nieman Labs "was bound by" the Disqus Terms of Service ("TOS"), BRDPS, and Basic Rules for Disqus ("BRD").  Doc. No. 76-1 ¶ 111.  The Plaintiff explains that the proposed amendment to the third-party beneficiary claim is necessitated by "an error in drafting of the Second Amended Complaint."  Doc. No. 76 at 2.  The Defendants oppose the Plaintiff's Motion, contending that: (1) denial is proper due to the Plaintiff's "repeated failure to cure deficiencies and her undue delay in seeking amendment, and because her amendment would prejudice Defendants"; and (2) the third-party beneficiary claim is futile.  Doc. No. 84 at 9, 14.

After careful consideration, the Court DENIES the Plaintiff's Motion for Leave to File the TAC.  The Plaintiff filed this action on March 16, 2020.  Doc. No. 1.  Since then, the Plaintiff has repeatedly revised her claims in the face of numerous motions to dismiss by the Defendants.  The Defendants make a well-founded argument that amendment is not proper in light of the

Plaintiff's repeated failure to address the pleading deficiencies highlighted by the Defendants (Doc. No. 84 at 9-11), however, on balance the Court concludes that the Plaintiff is entitled to one amendment after its decision on the prior Motion to Dismiss (Doc. No. 54) and that its review should be of the Third, rather than the Second, Amended Complaint.  See Doc. No. 78.  The Court does not anticipate further amendments of the present nature.

The Motion is futile because the third-party beneficiary count fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Plainly, the Plaintiff plausibly alleged that Nieman Labs entered into a contract with Disqus permitting Nieman Labs to use the Disqus comment software on its website (Doc. No. 76-1 ¶ 23), something, at least for present purposes, that the Defendants do not dispute (Doc. No. 84 at 15).  The TOS constitute a contract between Nieman Labs and Disqus.  Doc. No. 76-1, Ex. D.  California law governs the interpretation of this contract.  Id. at 51.  To state a claim that she is a third-party beneficiary of this service agreement, the Plaintiff must put forth sufficient factual allegations to permit the conclusion that: (1) she "would in fact benefit from the contract"; (2) "a motivating purpose of the contracting parties was to provide a benefit" to her; and (3) permitting her "to bring [her] own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties."  Goonewardene v. ADP, LLC, 434 P.3d 124, 133 (Cal. 2019).  Of course, contract interpretation is, ordinarily, a question of law.  Wolf v. Walt Disney Pictures & Television, 76 Cal. Rptr. 3d 585, 601 (Cal. Ct. App. 2008).

The text of the TOS does not express an intent to confer third-party beneficiary status upon the persons using the Disqus software on the Nieman Labs site or any other site with which Disqus contracts.  As the Defendants point out, the TOS incorporate Disqus's Privacy Policy

(Doc. No. 76-1, Ex. D at 39), which enables Disqus to use and share personally identifiable and non-identifiable information about its users "in any manner and for any purpose permitted by law" (Doc. No. at 84-2 at 6).  Disqus's unrestrained ability to use and share such information makes it clear that the TOS are intended to benefit Disqus, not its users, who may in fact be harmed rather than benefitted by the disclosure of personally identifiable information.  Additionally, the TOS grant Disqus the discretion to address policy violations, stating "Disqus reserves the right, but is not obligated to reject and/or remove any User Content that Disqus believes, in its sole discretion, violates" its user responsibility provision.  Doc. No. 76-1, Ex. D at 44.  Such discretionary language weighs against a finding of third-party beneficiary status.  Melendez v. Vaiana, No. EDCV162516JGBSPX, 2017 WL 8183139, at *5 (C.D. Cal. Oct. 19, 2017).  Even assuming that portions of the TOS incidentally benefit the Plaintiff, allowing her to bring a third-party beneficiary claim against the Defendants would conflict with "the reasonable expectations of the contracting parties," enabling an untold number of Disqus users to bring lawsuits against other users of its services as third-party beneficiaries.  Goonewardene, 434 P.3d at 137-38; see also Melendez 2017 WL 8183139, at *6 (finding that the plaintiff, a Twitter user, was not a third-party beneficiary to another user's contract with Twitter, which included a forum selection clause, because "[t]o hold as Plaintiff argues would allow two wholly foreign parties to litigate in the courts of Santa Clara County, California just based upon the fact that they shared or disputed content on Twitter.").

      Moreover, the Court's adoption of the Plaintiff's position would result in an unreasonable dichotomy of dispute resolution methods.  The TOS impose an arbitration provision on all disputes, with some exceptions, arising under the agreement between Disqus and Nieman Labs.  Doc. No. 76-1, Ex. D at 51-52.  Yet, if Plaintiff is an intended third-party beneficiary of the

4

contract able to sue either party for breach of the agreement, the Court would be forced to conclude that Nieman Labs and Disqus agreed to arbitrate all their claims with one another, while simultaneously agreeing both to: (1) permit third parties to use the TOS to sue them for breach of contract, and (2) force a judicial resolution of such third-party claims.  There is no text in the contract supporting this resolution.  Moreover, there is no rational explanation for such a resolution; rather the arbitration provision confirms that the TOS apply only to Disqus and Nieman Labs.  Other courts facing analogous third-party beneficiary claims based upon an internet platform's terms of service have reached similar conclusions.  See Melendez 2017 WL 8183139, at *5 (citing cases and noting "[t]hese cases reveal that even in the internet platform context, a third-party beneficiary must still be expressly contemplated and intended by the contracting parties. . . . [T]hird-party beneficiaries are more than just users of the website.").

      The Motion for Leave to File the Third Amended Complaint (Doc. No. 74) is therefore DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge