UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA VIOLA,<br><br>        Plaintiff<br><br>        v.<br><br>JOSHUA BENTON and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Defendants. | CIVIL ACTION<br>NO. 1:21-CV-10426-LTS |

**DEFENDANT JOSHUA BENTON'S
ANSWER WITH AFFIRMATIVE AND ADDITIONAL DEFENSES TO
PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Joshua Benton ("Mr. Benton") hereby Answers plaintiff Francesca Viola's ("Plaintiff") Third Amended Complaint as follows:

**PARTIES**

1. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

2. Mr. Benton admits only that he is: (a) an individual; (b) a journalist, (c) a founder of the Nieman Journalism Lab ("Nieman Lab") (d) a resident of Massachusetts; and (e) that he is employed by Harvard University. Mr. Benton also admits that the Nieman Lab operates the https://www.niemenlab.org website. The remaining allegations of this paragraph are either conclusions of law to which no response is required and which are deemed to be denied, or refer to writings which speak for themselves and any characterizations thereof by Plaintiff are denied.

3. The allegations in this paragraph are not directed to Mr. Benton, so no response is required. To the extent a response is deemed required, Mr. Benton denies the allegations in this

paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

## VENUE AND JURISDICTION

4. The allegations of this paragraph are conclusions of law to which no responsive pleading is required; if the remaining allegations are deemed factual, they are denied.

5. The allegations of this paragraph are conclusions of law to which no responsive pleading is required; to the extent, if any, the remaining allegations are deemed factual, they are denied.

## FACTUAL ALLEGATIONS

6. Admitted.

    **A.**    **Plaintiff's Allegations regarding her Background & Employment History with Temple University.**

7. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

8. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

9. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

10. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

11. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

**B.     Plaintiff's Allegations Regarding Mr. Benton's Background & Employment at Harvard University's Nieman Lab.**

12.     Mr. Benton admits that the Nieman Lab's website identifies him as the founder of the Nieman Lab; that he is a past winner of the Philip Meyer Journalism Award from Investigative Reports and Editors; that Paragraph 12 of the Complaint accurately quotes a statement from the joshuabenton.com website, which Mr. Benton admits that he maintained in or about the years 2018 through the present. Mr. Benton further admits that Plaintiff has attached to her Third Amended Complaint as Exhibit A a purported copy of Mr. Benton's biographical descriptions from the Nieman Lab website and from the website joshuabenton.com, which are documents that speak for themselves.

13.     Mr. Benton admits only that during the time of the transaction or occurrence alleged in the Third Amended Complaint, he operated a Twitter account using the handle "@jbenton," the contents of which are publicly available. The remaining allegations of this paragraph refer to a writing that speaks for itself and any characterization thereof by Plaintiff is denied.

14.     Mr. Benton admits that he was employed by Harvard during the time of the transaction or occurrence alleged in the Third Amended Complaint. Mr. Benton admits that Exhibit B is a copy of Harvard's Guidelines for Using Social Media ("Guidelines"). The remaining allegations of this paragraph refer to a writing that speaks for itself and any characterization thereof by Plaintiff is denied.

15.     Mr. Benton admits only that Plaintiff has attached to her Third Amended Complaint as Exhibit C a purported copy of the @jbenton Twitter account description. The remaining allegations refer to a writing that speaks for itself and any characterization thereof by Plaintiff is denied.

16.     Denied.

      **C.**    **Plaintiff's Allegations that Defendant Harvard University Used the Comment Sharing Platform Disqus on Nieman Lab's Website & is Bound By its Terms of Use & Comment Moderation Policies.**

17. Admitted.

18. Mr. Benton admits that Disqus is an application used by websites to provide a platform for users to post comments to articles on the websites by creating an account using a name or email address. Mr. Benton denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

19. Mr. Benton admits the allegations in the first sentence of this paragraph and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

20. Admitted.

21. Mr. Benton admits only that, as a website administrator—which is sometimes referred to as a Disqus moderator, he was authorized to view the email addresses of Disqus users that those users had voluntarily chosen to link to their Disqus account. Mr. Benton denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

22. Mr. Benton admits only that Plaintiff has attached to her Third Amended Complaint as Exhibit D a purported copy of the Discus Terms of Service ("TOS"), which is a writing that speaks for itself and any characterization thereof by Plaintiff is denied. Mr. Benton denies as conclusions of law Plaintiff's allegations regarding the TOS's legal effect. Mr. Benton denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

23. Mr. Benton admits only that at during the time of the transaction or occurrence alleged in the Third Amended Complaint, he was a Moderator of the Nieman Lab website. The remaining allegations of this paragraph are conclusions of law to which no response is required and which are therefore denied.

24. Mr. Benton admits only that Paragraph 24 of the Third Amended Complaint selectively quotes excerpts from the TOS. Mr. Benton further states that the TOS are writings that speak for themselves and any characterization thereof by Plaintiff is denied. Mr. Benton denies as conclusions of law Plaintiff's allegations regarding the TOS's legal effect.

25. Mr. Benton admits only that Paragraph 25 of the Third Amended Complaint selectively quotes excerpts from the TOS. Mr. Benton further states that the TOS are writings that speak for themselves and any characterization thereof by Plaintiff is denied. Mr. Benton denies as conclusions of law Plaintiff's allegations regarding TOS's legal effect.

26. Mr. Benton admits only that Plaintiff has attached to her Third Amended Complaint as Exhibit E a purported copy of the Basic Rules for Discus Terms of Service-Powered Sites ("BRDPS"), which is a writing that speaks for itself and any characterization thereof by Plaintiff is denied. Mr. Benton further admits that the document attached as Exhibit E purports to link to the TOS. Mr. Benton denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations

27. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

28. Mr. Benton admits only that the Nieman Lab website utilized Disqus. Mr. Benton denies that he "agreed to" the BRDPS.

29.     Mr. Benton admits only that Paragraph 29 of the Third Amended Complaint selectively quotes excerpts from the BRDPS. Mr. Benton further states that the BRDPS are writings that speak for themselves and any characterization thereof by Plaintiff is denied. Mr. Benton denies as conclusions of law Plaintiff's allegations regarding the BRDPS's legal effect.

30.     Mr. Benton admits only that Paragraph 30 of the Third Amended Complaint selectively quotes excerpts from the BRDPS. Mr. Benton further states that the BRDPS are writings that speak for themselves and any characterization thereof by Plaintiff is denied. Mr. Benton denies as conclusions of law Plaintiff's allegations regarding BRDPS's legal effect.

31.     Mr. Benton admits only that Paragraph 31 of the Third Amended Complaint selectively quotes excerpts from the BRDPS. Mr. Benton further states that the BRDPS are writings that speak for themselves and any characterization thereof by Plaintiff is denied. Mr. Benton denies as conclusions of law Plaintiff's allegations regarding BRDPS's legal effect.

32.     Mr. Benton admits only that Plaintiff has attached to her Third Amended Complaint as Exhibit F a purported copy of portions of Disqus's support forum, which are writings that speak for themselves and any characterizations thereof by Plaintiff are denied. Mr. Benton denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

33.     Mr. Benton admits only that Plaintiff has attached to her Third Amended Complaint as Exhibit G a purported copy of the Basic Rules for Disqus ("BRD"), which is a writing that speaks for itself and any characterization thereof by Plaintiff is denied. Mr. Benton denies as conclusions of law Plaintiff's allegations regarding the BRD's legal effects. Mr. Benton denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

34. Mr. Benton admits only that Disqus publishes various documents, including the BRD and BRDPS, which are writings that speak for themselves. Mr. Benton denies any of Plaintiff's characterizations of the intent of the BRD and BRDPS. Mr. Benton denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

35. Mr. Benton denies the allegations of this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

36. Mr. Benton admits only that Plaintiff created and used the Disqus "truthseeker" account. Mr. Benton denies that Plaintiff chose to remain anonymous since she associated her actual Temple email address with the account and repeatedly and publicly stated personal information about herself using the account. Mr. Benton denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

        **D.**    **Plaintiff's Allegations Regarding Defendant Harvard's Privacy Policy Browsewrap Agreement.**

37. Mr. Benton admits that Plaintiff's Third Amended Complaint includes a working link to Harvard's privacy statement, which is a writing that speaks for itself and any characterization thereof by Plaintiff is denied. Mr. Benton further admits that at the relevant time the only privacy policy that the Nieman Lab website linked to is the Harvard privacy policy. Mr. Benton denies the remainder of the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

38. The allegations in this paragraph refer to a writing that speaks for itself and any characterization thereof by Plaintiff is denied. To the extent a further answer is deemed required,

Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

39. The allegations in this paragraph refer to a writing that speaks for itself and any characterization thereof by Plaintiff is denied. To the extent a further answer is deemed required, Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

40. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations. Further, the allegations in the first sentence of this paragraph are also conclusions of law, to which no response is required; if the remaining allegations are deemed factual, they are denied.

41. Denied.

42. Denied.

43. Denied.

      E.      **Mr. Benton denies the allegations of Subheading E of the Third Amended Complaint.**

44. Mr. Benton admits that Plaintiff has attached to her Third Amended Complaint as Exhibit H, a purported copy of a May 4, 2018 article ("the Article") posted by Nieman Lab. The Article is a writing that speaks for itself and any characterization thereof by Plaintiff is denied.

45. Mr. Benton admits that Plaintiff has attached to her Third Amended Complaint as Exhibit I, a purported copy of the "Alexander Best" comment, a writing which speaks for itself. Any characterization thereof by Plaintiff is denied. Mr. Benton also admits that, on information and belief, Plaintiff publicly posted a response to the Alexander Best comment through her "truthseeker" Disqus account which Plaintiff voluntarily chose to associate with her Temple

University email account. Any remaining allegations are denied for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

46. Mr. Benton admits that Plaintiff has attached to her Third Amended Complaint as Exhibit J a purported copy of Plaintiff's response to the Alexander Best comment, a writing that speaks for itself.

47. Mr. Benton admits only that during the relevant time period, he was a Director of Nieman Lab and was a Moderator who was authorized to access the email addresses associated with Disqus usernames. The allegations of the second sentence of this paragraph contain contentions of law to which no response is required and which are accordingly denied.

48. Mr. Benton admits only that he was authorized to access information linked to Disqus commenters' accounts, and that, after reading the "truthseeker" comment made in response to the Alexander Best Comment ("Truthseeker Comment") he viewed the information that Plaintiff voluntarily linked to that username. The allegations in the second sentence of this paragraph are conclusions of law to which no response is required, and which are accordingly denied. The remaining allegations in this paragraph are denied.

49. Mr. Benton admits only that the email address Plaintiff linked to her Truthseeker Comment was Plaintiff's official Temple University email address and that the Truthseeker Comment identified the commenter as a "journalism professor at a major east coast university." Mr. Benton further asserts that he was entitled under the First Amendment to publish the information about Plaintiff that he lawfully obtained. *See New York Times Co. v. United States*, 403 U.S. 713 (1971); *Bartnicki v. Vopper*, 532 U.S. 514 (2001). There is no allegation, nor could there be, that Mr. Benton unlawfully obtained any information about Plaintiff. The remaining allegations in the first sentence of this paragraph are denied. The allegations in the

second sentence of this paragraph are conclusions of law to which no response is required; if the remaining allegations are deemed factual, they are denied.

50. Mr. Benton admits only that he was authorized to view information provided by Disqus users and to access that information. The remaining allegations of the first sentence of this paragraph are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required; if the remaining allegations are deemed factual, they are denied.

51. The allegations of this paragraph are conclusions of law to which no response is required; if the remaining allegations are deemed factual, they are denied.

52. Mr. Benton admits only that he did not contact Plaintiff. The remaining allegations of this paragraph are conclusions of law to which no response is required; if the remaining allegations are deemed factual, they are denied.

53. Mr. Benton admits only that Plaintiff has attached to her Third Amended Complaint as Exhibit K a purported copy of tweets posted by Mr. Benton, writings that speak for themselves and any characterizations thereof by Plaintiff are denied. Mr. Benton states further that Exhibit K contains incomplete copies of the Truthseeker Comments posted by Plaintiff. Mr. Benton states further that his tweets set forth facts that were true or substantially true and are fully protected by the First Amendment, as it provides the right to publish opinions based on disclosed fact, to criticize others, and to comment on matters of public interest. The remaining allegations of this paragraph are conclusions of law which to which no response is required; if the remaining allegations are deemed factual, they are denied.

54. Denied.

55. The allegations of this paragraph are conclusions of law to which no response is required; if the remaining allegations are deemed factual, they are denied.

56. The allegations of this paragraph are conclusions of law to which no response is required; if the remaining allegations are deemed factual, they are denied.

57. The allegations of this first sentence of this paragraph refer to a writing that speaks for itself and any characterization thereof by Plaintiff is denied. Mr. Benton denies the allegations of the second sentence for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

58. The allegations of this paragraph refer to a writing that speaks for itself and any characterization thereof by Plaintiff is denied.

59. Denied.

60. The allegations of this paragraph, including its subparts, refer to writings that speak for themselves and any characterization thereof by Plaintiff is denied.

61. Mr. Benton admits only that the "Muslim Comment" was posted by the "truthseeker" account, which was linked to Plaintiff's Temple University email address. Plaintiff's remaining allegations refer to writings that speak for themselves and any characterization thereof by Plaintiff is denied.

62. Mr. Benton admits only that Plaintiff admitted writing and posting all the comments on her "truthseeker" account but now denies publishing the Muslim Comment and now states that the comment is not consistent with her views. Plaintiff's remaining allegations of this paragraph are conclusions of law to which no response is required; if the remaining allegations are deemed factual, they are denied.

63. Denied.

64. The allegations of this paragraph refer to a writing that speaks for itself, and any characterization thereof by Plaintiff is denied. If Plaintiff's allegations are deemed factual, they

are denied. Mr. Benton further denies that he published the tweets as a form of punishment or revenge or that he published private information about Plaintiff.

65. The allegations of this paragraph are conclusions of law to which no response is required; if the remaining allegations are deemed factual, they are denied.

66. Mr. Benton admits only that he posted the Twitter Statements on his Twitter account. Mr. Benton does not remember how many Twitter followers he had at the time the Twitter Statements were posted. The remaining allegations refer to writings which speak for themselves and any characterization thereof by Plaintiff is denied.

67. Mr. Benton admits that he met with Nieman leadership to discuss the tweets; that he and a small group of senior Nieman leadership participated in drafting a statement of apology, a copy of which is at Exhibit L to the Third Amended Complaint; that Nieman leadership believed that his failure to contact Plaintiff before publishing the tweets did not meet Nieman's journalistic standards. Mr. Benton denies the remaining allegations of this paragraph.

68. Mr. Benton denies that he has ever been subject to disciplinary action by Harvard University. The remaining allegations are conclusions of law to which no response is required; if the remaining allegations are deemed factual, they are denied.

69. Mr. Benton admits only that Plaintiff attached to her Third Amended Complaint as Exhibit L a purported copy of a May 9, 2018 tweet posted on his Twitter account. The remaining allegation refers to a writing which speaks for itself and any characterization thereof by Plaintiff is denied.

70. Mr. Benton admits only that his Twitter account is publicly viewable. The remaining allegations in this paragraph refer to writings that speak for themselves and any characterization thereof by Plaintiff is denied.

71. Mr. Benton denies that he doxed Plaintiff.  Mr. Benton admits that the tweets generated media attention in print, online, and broadcast reports.  The remaining allegations in this paragraph are denied for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

72. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

73. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

74. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

75. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

## PLAINTIFF'S CLAIMS

### COUNT I: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76. No response to this paragraph is required.

77. Mr. Benton admits that he published the tweets.  Mr. Benton denies the remaining allegations of this paragraph.

78. Denied.

79. The allegations of this paragraph are conclusions of law to which no responsive pleading is required; if any of the remaining allegations are deemed factual, they are denied.

80. The allegations of this paragraph are conclusions of law to which no responsive pleading is required; if any of the remaining allegations are deemed factual, they are denied.

## COUNT II: PROMISSORY ESTOPPEL

81. No response to this paragraph is required.

82. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

83. Mr. Benton admits only that Paragraph 83 selectively quotes excerpts from the BRDPS. Mr. Benton further states that the BRDPS are writings that speak for themselves and any characterization thereof by Plaintiff is denied. Mr. Benton denies as conclusions of law Plaintiff's allegations regarding BRDPS's legal effect.

84. Mr. Benton admits only that Paragraph 84 selectively quotes excerpts from the BRDPS. Mr. Benton further states that the BRDPS are writings that speak for themselves and any characterization thereof by Plaintiff is denied. Mr. Benton denies as conclusions of law Plaintiff's allegations regarding BRDPS's legal effect.

85. Mr. Benton denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

86. The allegations of this paragraph are conclusions of law to which no responsive pleading is required; if any of the remaining allegations are deemed factual, they are denied.

87. The allegations of this paragraph are conclusions of law to which no responsive pleading is required; if any of the remaining allegations are deemed factual, they are denied.

88. The allegations of this paragraph are conclusions of law to which no responsive pleading is required; if any of the remaining allegations are deemed factual, they are denied.

89. The allegations of this paragraph are conclusions of law to which no responsive pleading is required; if any of the remaining allegations are deemed factual, they are denied.

WHEREFORE, Mr. Benton respectfully requests that Plaintiff's Third Amended Complaint be dismissed with prejudice, and that Mr. Benton be awarded attorneys' fees, costs, and such other further relief deemed appropriate by the Court.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

1. Mr. Benton reserves the right to argue that Plaintiff's claims are barred by waiver or estoppel.

2. Mr. Benton reserves the right to argue that Plaintiff's claims are barred by the doctrines of laches and delay.

3. Mr. Benton alleges that Plaintiff is not entitled to recover the punitive damages in her Third Amended Complaint as an award of punitive damages would violate Defendant's rights under the Constitution of the United States of America and under the Constitutions of the Commonwealths of Pennsylvania and/or Massachusetts, including Mr. Benton's rights to (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the Commonwealths of Pennsylvania and/or Massachusetts; (2) protection for "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the corresponding provision of the Constitutions of the Commonwealths of Pennsylvania and/or Massachusetts; and (3) substantive due process provided in the Fifth and Fourteenth Amendments of the United States of America Constitution and the Constitutions of the Commonwealths of Pennsylvania and/or Massachusetts.

4. Plaintiff's Third Amended Complaint fails to state a claim upon which relief may be granted.

5. Mr. Benton's conduct was privileged under the First Amendment of the United States Constitution.

    6.    Mr. Benton's conduct was privileged under Article 16 of the Declaration of Rights of the Massachusetts Constitution.

    7.    Mr. Benton's conduct was privileged under Article 1, Section 7 of the Pennsylvania Constitution.

    8.    Mr. Benton's conduct was privileged under the common law of Massachusetts.

    9.    Mr. Benton's conduct was privileged under the common law of Pennsylvania.

    10.    By her conduct, Plaintiff is guilty of unclean hands, which completely bars or reduces recovery, if any, to which she may be entitled, all in accordance with proof at trial.

    11.    By her conduct, Plaintiff assumed the risk of the injuries she claims.

    12.    The statements complained of were not defamatory and therefore not actionable.

    13.    Mr. Benton did not proximately cause any damage allegedly suffered by Plaintiff.

    14.    Plaintiff did not suffer any compensable harm as a result of Mr. Benton's conduct.

## RESERVATION OF RIGHTS

Mr. Benton reserves the right to amend or add any additional defenses or counterclaims which may become known during the course of discovery.

Dated: February 18, 2021            Respectfully submitted,

                        *s/ Jeremy D. Mishkin*
                        Jeremy D. Mishkin (*pro hac vice*)
                        Kendra Baisinger (*pro hac vice*)
                        MONTGOMERY McCRACKEN
                        WALKER & RHOADS, LLP
                        1735 Market St., 21st Floor
                        Philadelphia, Pennsylvania 19103
                        T: (215) 772-1500
                        F: (215) 772-7620

                        Timothy J. Pastore
                        BBO# 634538
                        MONTGOMERY McCRACKEN

WALKER & RHOADS LLP
437 Madison Avenue, 24th Floor
New York, NY 10022
tpastore@mmwr.com
T: (212) 551-7707
F: (212) 599-5085

*Attorneys for defendant Joshua Benton*

## CERTIFICATE OF SERVICE

I, Kendra Baisinger, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 18, 2021.

*/s/ Kendra Baisinger*
Kendra Baisinger

.