UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA VIOLA,<br><br>            Plaintiff<br><br>      v.<br><br>JOSHUA BENTON and PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION),<br><br>            Defendants. | Civil Action No. 21-10426-LTS |

## ANSWER OF PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION)

Defendant President and Fellows of Harvard College (Harvard Corporation) ("Harvard") hereby answers the Third Amended Complaint (ECF 92) (the "TAC" or "Complaint") of plaintiff Francesca Viola ("Plaintiff" or "Viola") as follows and denies each and every allegation, statement and matter contained in the TAC that is not expressly admitted herein, including without limitation any allegations contained in the headings and subheadings of the Complaint, which are omitted from this Answer:

Harvard admits that the unnumbered introductory paragraph of the Complaint correctly identifies the parties to the case; admits that Defendants consented to the filing of the Third Amended Complaint; denies that the operative pleading is a "Second Amended Complaint"; and denies that the TAC states a claim upon which relief may be granted.

1.      Harvard admits that Plaintiff is an individual, a journalist, and a professor of journalism and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint.

2. Harvard admits that defendant Joshua Benton ("Benton") is an individual who resides in Massachusetts and resided there at the time of the transaction or occurrence alleged in the Complaint; that Benton is a journalist and the founder and former director of the Nieman Journalism Lab ("Nieman Lab"); that the Nieman Lab operates a website located at https://www.niemanlab.org/ and is funded by the Nieman Foundation for Journalism at Harvard University; that Paragraph 2 of the Complaint quotes a portion of a page on the Nieman Lab's website located at https://www.niemanlab.org/about/; that Benton, as an employee of the Nieman Lab, is a Harvard employee; and denies the remaining allegations of Paragraph 2 of the Complaint.

3. Harvard admits that Harvard University is a private educational institution with its legal address in Cambridge, Massachusetts and denies any remaining allegations of Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains contentions of law to which no response is required.

5. Paragraph 5 of the Complaint contains contentions of law to which no response is required.

6. Admitted.

7. Harvard admits that Plaintiff worked as a journalism professor in the Klein College of Media and Communication at Temple University and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint.

8. Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9. Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12. Harvard admits that the Nieman Lab's website identifies Benton as the founder of the Nieman Lab; that Benton is a past winner of the Philip Meyer Journalism Award from Investigative Reporters and Editors; that during the time of the transaction or occurrence alleged in the Complaint, Benton maintained a website, joshuabenton.com, containing a link to his Twitter page; that Paragraph 12 of the Complaint accurately quotes a statement from the joshuabenton.com website; that pages 3-4 of Exhibit A to the Complaint contain a copy of the homepage of the joshuabenton.com website; lacks knowledge or information sufficient to admit or deny the authenticity of the first two pages of Exhibit A, and denies the remaining allegations of Paragraph 12 of the Complaint.

13. Harvard admits that during the time of the transaction or occurrence alleged in the Complaint, Benton operated the Twitter account @jbenton; that Benton used the account to tweet about journalism and to retweet articles with commentary and information from various news platforms, including the Nieman Lab; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint.

14. Harvard denies that Exhibit B to the Complaint is Harvard's "Social Media Policy"; states that Exhibit B is a copy of Harvard's Guidelines for Using Social Media ("Guidelines"); admits that Paragraph 14 selectively quotes portions of the Guidelines, but does so in a misleading manner; states that the Guidelines speak for themselves and that the allegations concerning their

legal effect are contentions of law to which no response is required and that are denied; and denies the remaining allegations of Paragraph 14 of the Complaint.

15. Harvard admits that Benton's Twitter page previously stated, among other things, "I run @niemanlab at Harvard"; states that the Twitter page speaks for itself; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Complaint.

16. Denied.

17. Admitted.

18. Harvard admits that Disqus is an application used by websites to provide a platform for users to post comments to articles on the websites by creating an account using a name and email address and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 of the Complaint.

19. Harvard admits the allegations of the first sentence of Paragraph 19 of the Complaint and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of the Complaint.

20. Harvard admits that visitors to a website that utilizes the Disqus platform for comments may click on the user name associated with a comment to obtain additional information about comments by that user and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Complaint.

21. Harvard admits that the email addresses of users who comment on websites using Disqus are accessible to website administrators who are sometimes referred to as Moderators, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 of the Complaint.

22. Harvard admits that Exhibit D to the TAC is a copy of one version of the Disqus Terms of Service ("TOS"); states that the TOS speak for themselves and that the allegations concerning their legal effect are contentions of law to which no response is required and that are denied; and denies the remaining allegations of Paragraph 22 of the Complaint.

23. Harvard states that the allegations of Paragraph 23 are contentions of law to which no response is required and that are denied.

24. Harvard admits that Paragraph 24 selectively quotes a portion of the TOS in a misleading fashion, states that the TOS speak for themselves, and denies the remaining allegations of Paragraph 24 of the Complaint.

25. Harvard admits that Paragraph 25 selectively quotes a portion of the TOS in a misleading fashion, states that the TOS speak for themselves, and denies the remaining allegations of Paragraph 25 of the Complaint.

26. Harvard admits that Disqus publishes Basic Rules for Disqus-Powered Sites ("BRDPS"); admits that a copy of one version of the BRDPS is attached as Exhibit E to the TAC; admits that the version of the BRDPS copied at Exhibit E contains a link to the TOS; states that the BRDPS speaks for itself and denies the remaining allegations of Paragraph 26.

27. Harvard states that the TOS and BRDPS speak for themselves and denies the allegations of Paragraph 27.

28. Denied.

29. Harvard admits that Paragraph 29 selectively quotes an excerpt from the BRDPS in a misleading manner; states that the BRDPS speaks for itself; and denies the remaining allegations of Paragraph 29.

30. Harvard admits that Paragraph 30 selectively quotes an excerpt from the BRDPS in a misleading manner; states that the BRDPS speaks for itself; and denies the remaining allegations of Paragraph 30.

31. Harvard admits that Paragraph 31 selectively quotes an excerpt from the BRDPS in a misleading manner; states that the BRDPS speaks for itself; and denies the remaining allegations of Paragraph 31.

32. Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and denies the same.

33. Harvard admits that Exhibit G to the TAC is a copy of a version of the Basic Rules for Disqus ("BRD"); admits that Paragraph 33 selectively quotes language from the BRD in a misleading manner, states that the BRD speaks for itself, and denies the remaining allegations of Paragraph 33.

34. Denied.

35. Harvard denies the first sentence of Paragraph 35; lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and denies the same.

36. Harvard admits that Viola maintained a profile on Disqus under the Display Name "truthseeker" (the "Truthseeker Account"); lacks knowledge or information sufficient to form a belief as to the truth of the allegation that no publicly identifying information regarding Viola was disclosed through the use of the Display Name; and denies the remaining allegations of Paragraph 36.

37. Harvard admits that its Privacy Statement is found at https://www.harvard.edu/privacy-statement/; admits that the link appears on the pages of the

Nieman Lab website along with other links to Harvard's website; admits that the Nieman Lab website does not contain a link to any privacy policy applicable to the Nieman Lab; and denies the remaining allegations of Paragraph 37 of the Complaint.

38. Harvard admits that Paragraph 38 of the Complaint selectively quotes an excerpt of the Harvard Privacy Statement, but does so in a misleading manner, and denies the remaining allegations of Paragraph 38 of the Complaint.

39. Harvard states that the Privacy Statement speaks for itself and denies the allegations of Paragraph 39 of the Complaint.

40. Harvard admits that Paragraph 40 of the Complaint contains links to pages of the Harvard Law School Berkman Klein Center for Internet & Society's website; states that the statements contained therein do not address the issues in this case; and denies the remaining allegations of Paragraph 40 of the Complaint.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

45. Harvard admits that on May 4, 2018, Plaintiff posted a comment to the Article referred to in Paragraph 45 of the Complaint using her truthseeker account; that her comment followed a comment by a user identified as "Alexander Best," the text of which appears in Exhibit I to the Complaint and is repeated in Paragraph 45; states that the comment speaks for itself; and denies the remaining allegations of Paragraph 45 of the Complaint.

46. Admitted.

47. Harvard admits the first sentence of Paragraph 47 of the Complaint; states that the second sentence of Paragraph 47 of the Complaint contains contentions of law to which no response is required and that Harvard denies.

48. Harvard admits that Benton read Plaintiff's May 4, 2018 truthseeker comment on the Nieman Lab website and used his administrative access to view Plaintiff's associated email address; states that the allegations of the second sentence of Paragraph 48 of the Complaint are contentions of law to which no response is required and that to the extent such response is required, Harvard lacks knowledge or information sufficient to form a belief as to the truth of those allegations; and denies the remaining allegations of Paragraph 48 of the Complaint.

49. Harvard admits that the email viewed by Benton disclosed Plaintiff's name and employer; states that the allegations that Benton's alleged conduct was taken during the course of and scope of his employment as a journalist to further the purposes of his employer are contentions of law to which no response is required and that to the extent such a response is required, Harvard lacks knowledge or information sufficient to admit or deny those allegations; and denies the remaining allegations of Paragraph 49 of the Complaint.

50. Harvard admits that Benton was able to identify other comments posted by Plaintiff on her truthseeker account; states that the allegations that Benton's alleged actions were taken within the course and scope of his employment are contentions of law to which no response is required and that to the extent such a response is required Harvard lacks knowledge or information sufficient to admit or deny those allegations; and denies the remaining allegations of Paragraph 50 of the Complaint.

51. Denied.

52. Harvard admits the first sentence of Paragraph 52 of the Complaint and denies the remaining allegations of Paragraph 52 of the Complaint.

53. Harvard admits that Benton published the tweets; that copies of the tweets with incomplete copies of the truthseeker comments posted by Plaintiff are attached as Exhibit K to the Complaint; states that the allegations of the last sentence of Paragraph 53 of the Complaint are contentions of law to which no response is required and that to the extent such a response is required, Harvard lacks knowledge or information sufficient to form a belief as to the truth of those allegations; and denies the remaining allegations of Paragraph 53 of the Complaint.

54. Denied.

55. Denied.

56. Harvard admits that Benton intentionally identified Plaintiff in the tweets and denies the remaining allegations of Paragraph 56 of the Complaint.

57. Harvard admits the first sentence of Paragraph 57 of the Complaint; admits that Twitter mentions in some instances generate a notification to the recipient that their username has been included in a tweet; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57 including, without limitation, whether all Twitter mentions generate such a notification.

58. Admitted.

59. Denied.

60. Admitted.

61. Admitted, except as to the word "purportedly," which is denied.

62. Harvard admits that Plaintiff has variously admitted, denied and/or claimed she has no specific memory of posting the Muslim Comment; and denies the remaining allegations of Paragraph 62 of the Complaint.

63. Denied.

64. Harvard states that Merriam-Webster.com's definition of doxxing speaks for itself, denies that Benton published private information about Plaintiff; denies that Benton published the tweets as a form of punishment or revenge; and denies the remaining allegations of Paragraph 64 of the Complaint.

65. Denied.

66. Harvard admits that Benton published the tweets and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66 of the Complaint.

67. Harvard admits that Benton met with Nieman leadership to discuss the tweets; that a small group of senior Nieman leadership and Benton participated in drafting a statement of apology, a copy of which is at Exhibit L to the Complaint; that Benton's failure to contact Plaintiff before publishing the tweets did not meet Nieman's journalistic standards; and denies the remaining allegations of Paragraph 67 of the Complaint.

68. Harvard denies the allegations of the first sentence of Paragraph 68 of the Complaint; states that the allegations of the second sentence of Paragraph 68 are contentions of law to which no response is required and that to the extent such a response is required, Harvard lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

69. Admitted.

70. Harvard admits that Benton did not remove or retract the tweets which remain online and denies the remaining allegations of Paragraph 70 of the Complaint.

71. Harvard denies that Benton doxxed Plaintiff; admits that the tweets generated media attention in print, online, and broadcast reports, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 of the Complaint.

72. Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint.

73. Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint.

74. Denied.

75. Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint.

**Count I: Intentional Infliction of Emotional Distress**

76. Harvard repeats and realleges its answers to the preceding paragraphs of the Complaint.

77. Harvard admits that Benton published the tweets, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of Benton's Twitter followers at the time or the number who saw the tweets; and denies the remaining allegations of Paragraph 77 of the Complaint.

78. Denied.

79. Denied.

80. Denied.

### Count II: Promissory Estoppel

81. Harvard repeats and realleges its answers to the preceding paragraphs of the Complaint.

82. Denied.

83. Harvard admits that Paragraph 83 selectively quotes portions of the BRDPS in a misleading fashion; states that the BRDPS speaks for itself; and denies the remaining allegations of Paragraph 83.

84. Harvard admits that Paragraph 84 selectively quotes portions of the BRDPS in a misleading fashion; states that the BRDPS speaks for itself; and denies the remaining allegations of Paragraph 84.

85. Denied.

86. Denied.

87. Denied.

88. Harvard denies that Benton breached any promise and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 88.

89. Denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Harvard's conduct was privileged under the First Amendment of the United States Constitution.

3. Harvard's conduct was privileged under Article 16 of the Declaration of Rights of the Massachusetts Constitution.

4. Harvard's conduct was privileged under Article 1, Section 7 of the Pennsylvania Constitution.

5. Harvard's conduct was privileged under the common law of Massachusetts.

6. Harvard's conduct was privileged under the common law of Pennsylvania.

7. By her conduct, Plaintiff assumed the risk of the injuries she claims.

8. By her conduct, Plaintiff is estopped from recovering on the claims asserted herein.

9. By her conduct, Plaintiff waived the claims she asserted herein.

10. Harvard's liability, to Plaintiff in tort, if any, is limited by M.G.L. 231, § 85K.

11. The statements complained of were substantially true and therefore not actionable.

12. The statements complained of were not defamatory and therefore not actionable.

13. Harvard did not proximately cause any damage allegedly suffered by Plaintiff.

14. Plaintiff did not suffer any compensable harm as a result of Harvard's conduct.

15. Plaintiff's claims are barred by the doctrine of the law of the case.

16. Harvard has no liability for Defendant Benton's conduct.

Dated: February 18, 2022

Respectfully submitted,

*s/ Jonathan M. Albano*
Jonathan M. Albano, BBO #013850
jonathan.albano@morganlewis.com
Andrew M. Buttaro, BBO #684499
andrew.buttaro@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
Phone: (617) 341-7700
Fax: (617) 341-7701

*Counsel for Defendant President and Fellows of Harvard College (Harvard Corporation)*

## CERTIFICATE OF SERVICE

I certify that on the date listed below, I electronically filed the foregoing document with the Court using the CM/ECF system, which sent notice of the filing to all registered participants, including the following counsel:

Aaron M. Minc
Andrew C. Stebbins
Dorrian H. Horsey
**MINC LLC**
200 Park Avenue, Suite 200
Orange Village, OH 44122

Marc J. Randazza
**RANDAZZA LEGAL GROUP, PLLC**
30 Western Avenue
Gloucester, MA 01930

Jay M. Wolman
**RANDAZZA LEGAL GROUP, PLLC**
100 Pearl Street, 14th Floor
Hartford, CT 06103

*Counsel for Plaintiff Francesca Viola*

Dated: February 18, 2022            *s/ Andrew M. Buttaro*
                                     Andrew M. Buttaro